UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| NICHOLAS S. GOULETAS, | ) | No. 16-01335 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| 800 SOUTH WELLS COMMERCIAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 1:16 ap 141 |
| | ) | |
| NICHOLAS S. GOULETAS, | ) | |
| | ) | |
| Debtor-Defendant. | ) | |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on May 15, 2018 at 10:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in Courtroom 744 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any judge who may be sitting in his place or stead, and shall then and there present Debtor-Defendant' Motion for Leave to File, *Instanter,* Defendant's Reply…", at which time and place you may appear as you see fit.

NICHOLAS S. GOULETAS

By:   /s/ Richard H. Fimoff

Richard H. Fimoff (#804886)
rfimoff@rsplaw.com
Robert J. Trizna (#3123760)
rtrizna@ rsplaw.com
Christine R. Walsh (#6319177)
cwalsh@rsplaw.com
ROBBINS SALOMON & PATT, LTD.
180 N. LaSalle Street
Suite 3300
Chicago, Illinois 60601
(312) 782-9000

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing pleading was served upon all parties receiving CM/ECF noticing on this 30th day of April, 2018.

/s/ Richard H. Fimoff

1524598

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| NICHOLAS S. GOULETAS, | ) | No. 16-01335 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| 800 SOUTH WELLS COMMERCIAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 1:16 ap 141 |
| | ) | |
| NICHOLAS S. GOULETAS, | ) | |
| | ) | |
| Debtor-Defendant. | ) | |

**MOTION FOR LEAVE TO FILE, *INSTANTER*, DEFENDANT'S REPLY
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AND HIS RESPONSE
IN OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Debtor-Defendant Nicholas Gouletas ("Gouletas"), by his attorneys, for his motion for leave to file, *instanter*, his Reply in support of his motion for summary judgment and his response in opposition to Plaintiff's cross-motion for summary judgment, states as follows:

1. 800 South Wells Commercial LLC ("Plaintiff") seeks to deny Gouletas a discharge pursuant to 11 U.S.C. §727(a)(2)(A).

2. Gouletas filed a motion for summary judgment. The briefing schedule originally set by this Court established March 27, 2018 as the due date for Plaintiff's response to Gouletas' motion; and April 10, 2018, as the due date for Gouletas' reply in support of his summary judgment motion.

3. Because Plaintiff filed both its response to Gouletas' motion and also its own cross-motion for summary judgment, Gouletas sought – and was granted by this Court in an order dated April 18, 2018 – an extension of time to April 24, 2018 to file his reply and his

1

response to the cross-motion for summary judgment; and Plaintiff was given to May 8, 2018 to file its reply in support of its cross-motion.

4. Due to what appears to have been a clerical error by the office of Gouletas' counsel, however, those dates were mis-docketed so that the due date for Gouletas' reply and response was mistakenly set at May 8, 2018 – a mistake that Gouletas' counsel did not discover until today: April 30, 2018. In that regard, the affidavit of one of Gouletas' attorneys, Robert J. Trizna, is Exhibit 1 hereto.

5. Gouletas hereby moves this Court for leave to file, *instanter,* his combined reply and response to Plaintiff's cross-motion for summary judgment, a copy of which is Exhibit 2 hereto. This motion is not interposed for delay or any other improper purpose, and the relief requested – encompassing a delay of six (6) days – will not unduly delay these proceeding or unduly burden Plaintiff.

WHEREFORE, Gouletas prays that this Court: (a) grant this motion; (b) permit Gouletas to file, *instanter*, his combined reply and response to Plaintiff's summary judgment motion; (c) give Plaintiff a commensurate amount of additional time to file its reply in support of its cross-motion; (d) re-set the hearing date from May 16, 2018 to the appropriate later date; and (e) grant Gouletas such other relief as this Court deems appropriate.

NICHOLAS S. GOULETAS

By: */s/ Richard H. Fimoff*

Richard H. Fimoff (rfimoff@rsplaw.com)
Robert J. Trizna (rtrizna@ rsplaw.com)
Christine R. Walsh (cwalsh@rsplaw.com)
ROBBINS SALOMON & PATT, LTD.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000

2

## AFFIDAVIT OF ROBERT J. TRIZNA

Affiant, an attorney, under penalties of perjury and based on his own personal knowledge, states as follows:

1. Affiant over the age of twenty-one years, is a resident of Cook County, Illinois, and is one of the attorneys representing the Debtor in these proceedings.

2. Earlier today, while looking at his schedule of court appearances and filings for the next couple of weeks, Affiant noticed in-firm docket entries of May 16, 2018 hearing date on the parties' cross-motions for summary judgment, and a May 8, 2018 date for the filing of Gouletas' reply in support of his motion for summary judgment and Gouletas' response to Plaintiff's motion for summary judgment. As the juxtaposition of those dates appeared anomalous, Affiant checked the Court's docket and determined the erroneousness of the May 8, 2018 date, which he quickly recognized as being Plaintiff's reply filing date.

3. Affiant promptly contacted counsel for Plaintiff to inform him of the error and to inquire as to whether he could agree to the instanter filing of Gouletas' reply/response. Plaintiff's counsel, however, was not able to reach his client and, therefore, could not obtain the authority to agree before Affiant and Mr. Fimoff believed the need for the filing of this motion was required.

4. Affiant reasonably believes that no prejudice will be suffered by Plaintiff if this motion is granted and Gouletas is given leave to file his reply/response *instanter*.

FURTHER AFFIANT SAYETH NAUGHT.

April 30, 2018

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| NICHOLAS S. GOULETAS, ) | No. 16-01335 |
| ) | |
| Debtor. ) | Hon. Timothy A. Barnes |
| _____ ) | |
| ) | |
| 800 SOUTH WELLS COMMERCIAL LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 1:16 ap 141 |
| ) | |
| NICHOLAS S. GOULETAS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AND HIS RESPONSE IN OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Adversary Defendant Nicholas S. Gouletas ("Gouletas"), by his attorneys, submits this reply in support of his motion for summary judgment (the "Motion") and as his response in opposition to the cross-motion for summary judgment of Adversary Plaintiff 800 South Wells Commercial LLC ("800").

### INTRODUCTION

Gouletas' Motion is simple and straightforward, containing only one proposition: Because the ten year statute of limitations on the Pledge Agreement (the "Pledge") [Pl. Ex. 32-a] has expired, the Pledge cannot be enforced; and the Pledge's terms are no longer binding on its signatories. As a result, 800's can and did properly remove DAN Joint Venture III, L. P ("DJV") as 800's manager and now seeks to dismiss this case. 800's cross motion for summary judgment is premised on the Court finding that statute of limitations is not a bar to enforcement of the Pledge. Granting of Gouletas' Motion requires denial of 800's cross motion.

153736805

1

EXHIBIT
2

## EXPIRATION OF THE STATUTE OF LIMITATIONS

As noted at page 4 of the Motion, the law in Illinois is clear that the statute of limitations begins to run when a party has the lawful right to demand payment or performance; or can lawfully maintain a cause of action. *Paschen Contractors, Inc. v. City of Kankakee*, 353 Ill.App.3d 628, 637, 819 N.E.2d 353, 361 (3d Dist. 2004); *Kozasa v. Guardian Electric Manufacturing Co.*, 99 Ill.App.3d 669, 673, 425 N.E.2d 1137, 1141-1142 (1st Dist. 1981). The statute of limitations began to run on enforcement of the Pledge when DJV first had the lawful right to demand payment or performance under it, certainly no later than November, 2006, when DJV actually did demand such performance. More than ten years have passed since then, the Illinois statute of limitations has expired, and the Pledge is no longer enforceable. *Paschen Contractors, Inc., supra.*

DJV, having no good rejoinder to the Motion, proffers a 29 page response (the "Response") replete with irrelevant facts and arguments. DJV spends more than 11 pages of the Response (pages 4-15) weaving together extraneous "facts" and illogical or irrelevant arguments having nothing to do with the only issue before the Court: Whether the statute of limitations has run on the enforcement of the Pledge. The arguments DJV advances are all based on the mistaken belief that the rights granted DJV in the Pledge continue to be enforceable.

## ARGUMENT

DJV's Response exposes its fundamental misunderstanding of when the Illinois statute of limitations commences and ends, as well as its effect. DJV readily admits that 800's default under its second mortgage obligation created an "Event of Default" under the Pledge [Response page 21] which gave DJV the right to immediately demand performance of 800's members' obligations under the Pledge and to enforce the Pledge's remedies, including requiring 800's members to relinquish their voting rights to DJV. [Response page 16] That "Event of Default,"

therefore, commenced the running of the statute of limitations on DJV's enforcement of the Pledge.

The Response's introductory statement asserts five grounds for DJV's novel theory that its enforcement of the Pledge is not subject to <u>any</u> statute of limitations[1]. As demonstrated below, none of those grounds supplants the legal effect of the statute of limitations. The Response's arguments, save one, merely repeat one or more of these five grounds:

**1.     An Event of Default Is The Equivalent Of A Breach Of The Pledge.**

DJV first asserts that:

(a)     "the claimed breach of the Collateral Pledge and Security Agreement ... was not a material breach of the Pledge Agreement, but rather constituted an express "Event of Default" under the Pledge Agreement;" [Response, page 2].

This argument is repeated at page 21 of the Response :

"1.     The Default Of 800 SWC In Repayment Of The Second Mortgage Loan Does Not Constitute A Material Breach Of The Pledge Agreement Which Somehow Terminated DJV's Rights Under The Pledge Agreement Due To The Running Of The Statutes Of Limitations "

DJV expends considerable effort in its attempt to distinguish between an "Event of Default" under the Pledge and a breach of the Pledge. However, this is a distinction without a difference: Each of them, practically and legally, gives DJV the same rights.

If the default under the second mortgage was an Event of Default, as DJV asserts, the Pledge at ¶7.2 provides that:

---

[1] Throughout its Response DJV asserts that the Pledge remains enforceable notwithstanding the expiration of the statute of limitations "for so long as any of the Obligations remain unpaid" [ Response pages 11, 17, 18, 19, 24 &27]; "unless and until the full amount of the financial obligations owed by 800 SWC to DJV under the Second Mortgage Loan was paid in full."[Response page 8]; "until the full amount of the underlying loan was repaid" [Response page 21]; "(until) repayment of the full amount of the principal and interest owed DJV on the Second Mortgage Loan." [Response page 25]

> "[DJV] ... may enforce payment of the same and exercise any rights under the UCC, rights and remedies of Lender under this Agreement, or otherwise."

Upon an Event of Default the Pledge grants DJV the right, among others, to demand performance by 800's members, which DJV did by directing the transfer of 800's members' voting rights. The occurrence of that Event of Default commenced the running of Illinois' ten year statute of limitations.

By vigorously arguing that 800's default under the second mortgage was not a breach under the Pledge, DJV implicitly acknowledges that a breach of the Pledge does commence the running of the statute of limitations. Irrespective of whether 800's default under the second mortgage was a breach of the Pledge or an Event of Default, DJV had the same rights and remedies: To demand payment and performance, which it did in November 2006, thereby commencing the running of the statute of limitations on enforcement of the Pledge.

### 2. DJV's Waiver Argument Fails.

DJV's second argument is equally flawed:

> "(b) ...DJV was free to waive any claimed prior breach of the Pledge...." [Response page 2].

DJV contends that if a breach had occurred, DJV could waive it, thereby preventing the running of the statute of limitations.

DJV's waiver argument is defective, both factually and legally. First, DJV did not waive the breach. Although DJV asserts that it "was free to waive any claimed prior breach of the Pledge Agreement." [Response page 2] DJV does not claim that it actually did waive the breach. DJV presents no documents or other evidence that such a waiver exists. DJV's speculation about the effect of the non-existent waiver on the statute of limitations is not only irrelevant but, also misleading.

Because DJV asserted its right under the Pledge to vote the shares of 800's members beginning in November 2006, and continuing to this day, DJV clearly did not waive the breach

153736805                                        4

(or Event of Default). Even assuming, *arguendo*, that DJV did waive the breach, its assignment of 800's voting rights was not contractually authorized when effected and can no longer prohibit 800's members from voting their membership interests. By waiving the breach, the pre-breach *status quo* would have remained in place and the Pledge would have continued in full force and effect as if no breach had occurred.

Where a party has voluntarily waived a contractual term, judicial enforcement of that term is unavailable. *Whalen v. K–Mart Corp.*, 166 Ill.App.3d 339, 519 N.E.2d 991, 116 Ill.Dec. 776, 778 (1st Dist.1988), *Cusumano v. MAPCO Gas Products Inc.*, 90 C 7161, 1992 WL 333896, at *3 (N.D. Ill. Mar. 11, 1992), report and recommendation adopted, 90 C 7161, 1992 WL 333118 (N.D. Ill. Apr. 23, 1992). If DJV waived the breach, 800's members would have retained their voting rights and DJV would not be 800's manager.

DJV acknowledges as much at page 22 of its Response: "DJV was free to waive the breach, and treat the Pledge Agreement as in full force and effect for its continuing contractual rights thereunder." However, DJV then proceeds to ignore the impact of such a waiver: That the Pledge would have remained in full force and effect as if the breach had not occurred; and DJV would have had no right to demand transfer of the 800's members' voting rights, and no right to prohibit 800's members from voting their interests.

3. **Cumulative Remedies Do Not Extend The Statute Of Limitations.**

DJV next argues, at page 25 of the Response, that: "the Pledge Agreement sets forth numerous cumulative and continuing obligations which were owed to the Lender, DJV, which were not intended to terminate within ten years after the breach by the Borrower [800]...."

DJV then concludes, somewhat illogically, that because the Pledge allows DJV to seek cumulative remedies, the statute of limitations is somehow tolled or extended as to any claims or remedies not enforced by DJV. DJV cites no authority for this unique proposition,

presumably because none exists because that simply is not the law in Illinois. As the court observed in *Elmhurst Auto Parts, Inc. v. Fencl-Tufo Chevrolet, Inc.*, 235 Ill. App. 3d 88, 91–92, 600 N.E.2d 1229, 1231 (2d Dist. 1992), when "the remedy was cumulative of other legal remedies, …the statutes of *92 limitations pertaining to other actions, such as repossession under a security agreement or a fraudulent transfers action, were not affected. See *Palmeri v. Adams* (1972), 4 Ill.App.3d 881, 883, 280 N.E.2d 266; *Boss v. Bassett Furniture Industries of North Carolina, Inc.* (1982), 249 Ga. 166, 170, 288 S.E.2d 559, 562." While each cumulative remedy is subject to its own limitation period, the limitation periods are not cumulative of one another and, no statute of limitations on any of the Pledge's remedies exceeded 10 years.

4.  **DJV's Right To Vote 800's Members' Interests Is Not Perpetual.**

DJV next argues, at page 25 of the Response, that DJV:

> "timely exercised its contractual rights under the Pledge Agreement… and thereby obtained self-effectuating and fully vested rights to vote the membership interests in 800 SWC until…the full amount of the Second Mortgage Loan was repaid to DJV."

It must be noted that this position – the Pledge's assignment of voting rights was self-effectuating and fully vested - is not only incorrect but directly contradicts DJV's earlier claim that "DJV, timely invoked its rights under the Pledge Agreement to obtain <u>a conditional assignment of the voting rights</u>…." [Response, page 3] (emphasis added).

Citing no legal precedent to support this new position, DJV attempts to bolster its case by analogizing its position as the assignee of the voting rights under the Pledge to that of an assignee of rents under a mortgage, asking:

> "…would the assignment of rents no longer be effective some ten years after the date of default in repayment of the loan, even though the full amount of the underlying indebtedness had not,

by the tenth year, been fully repaid? That can't be, and should not be, the law in the State of Illinois." [Response, pages 21-22.]

Unfortunately for DJV, that precisely *is* the law in Illinois and has been so for more than 150 years: Once a mortgage debt becomes unenforceable, the security for the debt, the mortgage and the assignment of rents, are unenforceable. As the Illinois Supreme Court stated in *Emory v. Keighan,* 88 Ill. 482, 485 (1878):

> In the case of *Pollock et al. v. Maison* et al. 41 Ill. 517, decided twelve years ago, the nature, character and effect of a mortgage in this State was considered and determined. It was there held by this court, that the existence of the debt, for the securing of which a mortgage is given, is essential to the life of the mortgage, and that when the debt is paid, discharged, released, or barred by the Statute of Limitations, or by a judgment of a court, the mortgage is gone, and has effect no longer.

Illinois law has not changed (see, e.g. *United Cent. Bank v. Wells St. Apartments, LLC*, 957 F. Supp. 2d 978 (E.D. Wis. 2013), aff'd sub nom. *United Cent. Bank v. KMWC 845, LLC*, 800 F.3d 307 (7th Cir. 2015) and, therefore, DJV's assignment of voting rights is no longer enforceable.

5.   **Pledge Promises And Agreements Have Become Unenforceable.**

DJV's next argument, introduced at pages 2-3 of the Response and subsequently reiterated at page 26, is that:

> "Pledgors, Gouletas and RCI...do not have the authority to terminate DJV as the manager of 800 SWC, and... disrupt the status quo by removing DJV as the manager of 800 SWC, and then causing the dismissal, with prejudice, of this Adversary Proceeding against the Debtor, Gouletas."

DJV's argument again focuses on enforcing the terms of the Pledge, specifically the covenants contained in ¶6.1, and is not directed to the seminal issue presented - "Did the statute of limitations on the enforcement of the Pledge expire in November 2016?" If the statute of

limitations has run, which it has, neither the Pledge nor any of its terms are enforceable. DJV's argument, therefore, can have merit only if the Pledge were still enforceable, which it is not.

### 6. Collateral Value Is Irrelevant

DJV's next argument, at page 18 of the Response, is that:

> "[t]The Collateral for the Second Mortgage Loan…has no market value in that there is still over $10,500,000…owed by 800 SWC to DJV on the Promissory Note Judgment."

Once again, DJV raises a false issue because the value of the Collateral has nothing to do with the gravamen of this Motion: The expiration of the statute of limitations has rendered DJV's remedies under the Pledge unenforceable.

DJV acknowledges that it never foreclosed or otherwise disposed of the Collateral, consisting of 800's membership interests. Accordingly, Gouletas and RCI still retain their ownership of those interests, which now are free and clear of DJV's time-barred, Pledge-based lien rights. DJV's argument regarding Collateral values appears to be offered up as an *ex post facto* justification for why DJV failed to foreclose on the Collateral. However, why DJV failed to act is neither important nor even relevant. What is relevant and important is that DJV did not act to enforce its rights or otherwise realize on its security interest against the Collateral before the statute of limitations expired in November 2016.

### 7. Plaintiff's Cross Motion For Summary Judgment Must Be Denied.

As demonstrated above, the Illinois statute of limitations on DJV's enforcement of the Pledge has run, and the Pledge is not enforceable. Accordingly, 800's cross motion for summary judgment, based on its erroneous position that the statute of limitations has not expired, also must be denied.

## CONCLUSION

For the reasons set forth above and in Gouletas' memorandum in support of his Motion for summary judgment, Gouletas seeks an order:

A. Finding;

1. the Illinois statute of limitation on the enforcement of the Pledge has expired;
2. all voting rights in Plaintiff 800 have re-vested in the members of 800;
3. DJV has been duly and lawfully removed as Manager of 800 by the unanimous vote of 800's members;
4. Kenneth Morgan has been duly and lawfully elected Manager of 800; and
5. dismissal of this cause with prejudice on the request of Plaintiff is proper;

B. Granting Gouletas' motion for summary judgment;

C. Denying 800's cross motion for summary judgment;

D. Dismissing this case with prejudice, each party to bear their own costs; and

E. Such other additional relief as this Court deems appropriate.

Respectfully submitted,

**NICHOLAS S. GOULETAS**

By:  /s/ Richard H. Fimoff
      One of his attorneys

Richard H. Fimoff (804886)
rfimoff@rsplaw.com
Robert J. Trizna (3123760)
rtrizna@rsplaw.com
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street, 33rd Floor
Chicago, Illinois 60601
312-456-0185
312-782-6690

153736805

9